IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LUISA MILLER,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | EP-12-CV-172-PRM |
| | § | |
| MEDTRONIC USA, INC., CHRISTY<br>SCANLAN, MELODY MCNEILL,<br>and DANIELLE RONDELEZ,<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

## ORDER REMANDING CASE

On this day, the Court considered Plaintiff Luisa Miller's (Miller) "Motion to Remand" (ECF No. 7) [hereinafter Motion], filed on June 9, 2012; Defendants Medtronic USA (Medtronic), Christy Scanlan, Melody McNeill, and Danielle Rondelez's (collectively, the Individual Defendants) "Response to [Miller's] Motion for Remand" (ECF No. 11) [hereinafter Response], filed on June 20, 2012; and Miller's "Reply in Support of Motion to Remand" (ECF No. 12) [hereinafter Reply], filed on July 2, 2012. After due consideration, the Court is of the opinion that the Motion should be granted for the reasons that follow.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Defendants removed this case from the 168th Judicial District Court of El Paso County, Texas on May 9, 2012, asserting federal jurisdiction based on the theory that Miller and Medtronic are diverse parties and alleging that the Individual Defendants are improperly joined. Notice of Removal, ECF No. 1. Defendants attached Miller's "Original Petition and Jury Demand" to their Notice of Removal. *Id.* Ex. 1 [hereinafter Complaint]. Therein, Miller claims that Medtronic subjected her to unlawful discrimination in violation of the Texas Labor Code, sections 21.051 and 21.106. Compl. 6. Miller further contends that Medtronic and the

Individual Defendants are liable pursuant to state law claims for breach of contract, promissory estoppel, intentional misrepresentation, fraud, and negligent misrepresentation. *Id.* at 6-7.

As the basis for her claims, Miller contends that she was offered a job with Medtronic as a "Senior Sales Rep" with a salary of $275,000 per year, but was required to work at a lower paying job for a preliminary training period. *Id.* at 3. Miller alleges that the Individual Defendants, all employees of Medtronic, promised her the Senior Sales Rep position. *Id.* at 3-4. Miller explains that she was never given the Senior Sales Rep job, and alleges that Medtronic's decision to award the job to another person was discriminatory. *Id.*

## II.   LEGAL STANDARD

A civil action brought in state court may be removed to federal court by a defendant if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). The district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. Additionally, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). For a suit to be removed based on diversity of citizenship, "none of the parties in interest properly joined and served as defendants [can be] a citizen of the State in which such action is brought." § 1441(b).

Once a civil action is removed to federal court, a plaintiff may challenge the removal by filing a motion to remand pursuant to 28 U.S.C. § 1447(c). "Federal courts are courts of limited jurisdiction." *Peoples Nat'l Bank v. Office of Comptroller of the Currency of U.S.*, 362 F.3d 333, 336 (5th Cir. 2004). As such, federal courts must "presume[] that a [suit] lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In a removal

action, it is the removing party that "bear[s] the burden of establishing jurisdiction." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Because removal raises significant federalism concerns, courts must strictly and narrowly interpret the removal statutes, with any doubt construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine if subject matter jurisdiction is present for removal purposes, courts must look to the plaintiff's complaint as it existed at the time of removal. *Id.*

## III.   ANALYSIS

### A.   Defendants' Notice of Removal Is Untimely

Defendants failed to meet the statutory requirements to remove this case because they failed to file a motion seeking removal within thirty days of receipt of Miller's Complaint. The federal removal statute requires a defendant to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). Miller served her initial pleading, her Complaint, on Medtronic on July 26, 2011, followed by service on the Individual Defendants on August 8, 2011. Notice of Removal 1. Accordingly, when Defendants filed their Notice of Removal, on May 9, 2012, they did so over 200 days after being served with Miller's initial pleading. Nevertheless, Defendants argue that remand is not appropriate for two reasons.

### B.   Miller's Motion is Timely

First, Defendants argue that Miller filed her Motion late and so she has waived her right to remand. The Court rejects this argument because Court records conclusively demonstrate that Miller filed her Motion eighteen minutes prior to the expiration of her deadline. Reply Ex. 1. Miller's Motion was due on June 8, 2012. § 1447(c) (providing that a motion for remand based

on a defect other than lack of subject matter jurisdiction must be filed within thirty days after the filing of the notice of removal). Court records show that the Motion was filed at "0:42 AM CDT" on "6/9/12." *Id.*; Notice of Electronic Filing, June 9, 2012, ECF No. 7. Although, the Court's filing system uses Central Standard Time, "CDT," the Court is located in El Paso, Texas, and therefore applies Mountain Standard Time. Fed. R. Civ. P. 6(a)(4)(A) (explaining that the last day of the statutory deadline ends at "midnight in the court's time zone"). Therefore, Miller filed her Motion at 11:42 p.m. on June 8, 2012, a full eighteen minutes early.

### C.  Improper Joinder and Removability

Second, Defendants argue that their Notice of Removal is timely because they filed it within thirty days of deposing Miller, which was the moment when "it became apparent" that Miller's claims against the Individual Defendants were the product of improper joinder. Notice of Removal 1-2; Resp. 1. While it is true that, in certain circumstances, the removal statute authorizes removal outside the thirty-day time limit from service of the initial pleading, it does so only "if the case stated in the initial pleading is not removable" *and* if subsequent documents demonstrate "that the case is one which is or has become removable." § 1146(b)(3). Defendants' argument fails because Miller's initial pleading stated a removable case.

Given that the Individual Defendants were acting as agents in the course and scope of their employment, the promises that the Individual Defendants allegedly made could only be fulfilled by Medtronic. For example, Miller's breach of contract claim fails against the Individual Defendants because Miller alleges that she was promised employment with Medtronic, not a job as an employee of the Individual Defendants. Accordingly, she fails to allege privity with the Individual Defendants. Similarly, none of the facts would establish that Defendants owed Miller an independent duty of care apart from their employer's duty, a flaw

4

that precludes Defendants' liability. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) ("'Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'" (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996))). Regarding the claims of intentional misrepresentation or fraud by non-disclosure, Miller fails to allege any facts demonstrating that, at the time that the Individual Defendants allegedly made a misrepresentation, that the Individual Defendants knew that the representation was false or did not intend to perform on the promises that they made. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 775 (Tex. 2009) ("'A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made.'"). Not only does Miller fail to allege any such facts, she offers contrary facts by alleging that the Defendants "changed their mind[s] and revoked their offer." Compl. 7.

Therefore, the Court concludes that Miller's initial pleading evidences improper joinder of the Individual Defendants. The Defendants had thirty days from service of the Complaint to remove this case, but failed to meet that deadline. Given that "[t]he untimeliness of a removal petition is a ground for remand that is authorized under Section 1447(c)," the Court concludes that remand is appropriate in this case. *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 470 (5th Cir. 2012).

## IV. CONCLUSION

Defendants' failed to remove this case in a timely manner. Therefore, the Court will grant Plaintiff's Motion and remand this case.

Accordingly, **IT IS ORDERED** that Plaintiff Luisa Miller's "Motion to Remand" (ECF No. 7) is **GRANTED.**

IT IS FURTHER ORDERED that, should Plaintiff Luisa Miller wish to pursue her request for attorney's fees, she must file a separate motion conforming to the local and federal rules by _September 4_, 2012.

IT IS FURTHER ORDERED that the above-captioned cause is **REMANDED** to the 168th Judicial District Court of El Paso County.

IT IS FURTHER ORDERED that the Clerk of the Court shall **CLOSE** this case.

SIGNED this _27_ day of August, 2012.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE